USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON TENDERS DISTRICT
COUNCIL WELFARE FUND, PENSION FUND, ANNUITY
FUND, AND TRAINING PROGRAM FUND; JOHN J.
VIRGA, *in his fiduciary capacity as Director*; and ROBERT
BONANZA, *as Business Manager of the* MASON TENDERS
DISTRICT COUNCIL OF GREATER NEW YORK,

18 Civ. 9757 (PAE)

OPINION & ORDER

Petitioners,

-v-

EARTH CONSTRUCTION, CORP.,

Respondent.

PAUL A. ENGELMAYER, District Judge:

Petitioners—the Trustees for the Mason Tenders District Council Welfare Fund, Pension

Fund, Annuity Fund, and Training Program Fund ("the Trustees" of "the Funds"), and related

individuals—seek confirmation of an arbitration award issued against respondent Earth

Construction Corporation ("Earth Construction"). *See* Dkt. 1 ("Pet."), Ex. 1 ("Award"). Earth

Construction is an employer bound by a Collective Bargaining Agreement it entered into with

the Mason Tenders District Council of Greater New York ("the Union"). *See* Pet. ¶ 6.

Petitioners commenced this action on October 23, 2018, pursuant to Section 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the Court

confirms the Award.

# I. Background[1]

## A. The Parties and Their Agreements

The ERISA Funds are multiemployer labor-management trust funds organized and maintained pursuant to ERISA. Pet. ¶ 1. The Union is a labor organization that represents employees working in an industry affecting commerce as defined by Section 501 of the LMRA. *Id.* ¶ 2. Earth Corporation is an "employer" in an industry affecting commerce and maintained this status at all times relevant to this lawsuit. *Id.* ¶ 3.

Earth Corporation is bound by the terms of a Collective Bargaining Agreement (the "CBA") between the Union and the Building Contractor's Association. *Id.* ¶ 6. Article VI, Section 16(i) of the CBA provides that a covered contractor "agree[s] to and shall be bound by all the terms and conditions of the Trust Agreements . . . and by any rules, regulations or By-laws adopted by the Trustee of the Funds." *Id.* ¶ 7. The CBA and Trust Agreements require Earth Corporation to pay contributions to the Funds for all employees covered by the CBA at specified rates. *Id.* The CBA and Trust Agreements also designate the Funds as the authorized collection agents for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York State Laborers Health and Safety Trust Fund, Greater New York Laborers-Employers Cooperation and Education Trust Fund, and the Mason Tenders District Council Political Action Committee. *Id.* Employees voluntarily authorize the Funds to collect these contributions and dues. *Id.*

The Trust Agreements permit the Trustees of the Funds to take legal action to secure the collection of unpaid benefits from an employer, including commencing arbitration proceedings against delinquent employers to recover allegedly unpaid contributions. *Id.* at 9. If the Trustees

---

[1] The following undisputed facts are derived from the Petition and the exhibits attached thereto.

take legal action, the Trust Agreement provides that the employer is responsible for, *inter alia*, "unpaid contributions" and the interest that accrues thereon, "an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages," and "reasonable attorneys' fees and costs." *Id.* In addition, the Trust Agreements require participating employers to pay contributions monthly on the due dates set forth in the CBA and never later than the 15th day of the following month. *Id.* ¶ 11.

The Funds claim that Earth Corporation failed to make fringe benefit and other contribution payments to the Funds for the period May 24, 2014 through June 29, 2016, as required by the CBA and the pertinent Trust Agreements. *Id.* ¶ 15.

### B.     The Arbitration Award

On or around September 21, 2017, Petitioners initiated arbitration proceedings before arbitrator Joseph A. Harris, who sent notice of the scheduled hearing to Earth Construction by email and mail. Award at 1. Despite being notified of the arbitration, Earth Construction did not appear. *Id.* at 2.

Petitioners presented evidence of an audit of Earth Corporation's books and records, which showed delinquencies for the period from May 29, 2014, through June 29, 2016. *Id.* at 2. On October 23, 2018, arbitrator Harris issued the Award, finding that, "[b]ased on the substantial and credible evidence that was presented," Earth Corporation owed the Funds delinquent contributions. *Id.* Harris directed Earth Corporation to pay to the Funds a total of $81,635.83, comprising delinquent contributions, interest, liquidated damages, late payment interest, and fees. *Id.* at 2.

### C.     This Action

On October 23, 2018, after Earth Corporation failed to comply with petitioners' demand for the Award amount, petitioners filed this action seeking to confirm the Award. To date, Earth Corporation has not opposed the Petition or otherwise appeared in this case.

## II.     Discussion

### A.     Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)) (internal quotation mark omitted). The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation mark omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

**B.    Confirmation of the Arbitral Award**

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as petitioners have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties and found "substantial and credible evidence" that Earth Corporation was required to make certain payments to the Funds, and that it failed to do so, as revealed by evidence submitted by petitioners at the arbitration hearing. Award at 2. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of petitioners, for a total amount of $81,635.83.

**D.    Post-Judgment Interest**

Petitioners also seek post-judgment interest. Pet. ¶ 20. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors

of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $81,635.83 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Court respectfully requests that the Clerk of Court close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 16, 2019
       New York, New York